IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRADLEY SCOTT TURNER,**

    **The Petitioner,**

v.                                             Civil Action No: 2:16cv96
                                               Criminal No: 2:10cr1
                                               (Judge Bailey)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On November 14, 2016, the *pro se* Petitioner, Bradley Scott Turner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 56. The Petitioner received notice of deficient pleading on November 15, 2016. ECF No. 58. The Petitioner filed the Court-approved form on December 11, 2014. ECF No. 62.

The undersigned finds that a response from the Government is not necessary to address the Petitioner's motion. Accordingly, the undersigned now issues this Report and Recommendation without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

## I. Factual and Procedural History

### A. Conviction and Sentence

On May 4, 2010, the Petitioner signed a written plea agreement in which he agreed to plead guilty to Count One of the Indictment charging him with possession with the intent to distribute approximately 18.2 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, § 841(a)(1). (ECF No. 28). The Petitioner appeared before United States Magistrate Judge Kaull on May 6, 2010, to enter his plea of guilty. ECF No. 28. On February 14, 2011, the Petitioner appeared in front of United States District Judge John Preston Bailey, and was sentenced to 151 months imprisonment. ECF No. 41.

## B. Appeal

The Petitioner did not file a direct appeal of his conviction and sentence. The Petitioner entered a *pro se* motion for a Nunc Pro Tunc order on September 19, 2014.[1] ECF No. 52. The Petitioner's motion was denied December 4, 2014. ECF No. 54.

## C. Federal Habeas Corpus Motion

In filing this, his first § 2255 motion, the Petitioner asserts that in light of the Supreme Court's ruling in Mathis v. United States, 136 S.Ct. 2243 (2016), his prior conviction for delivery of a controlled substance does not qualify him as a career offender. ECF No. 61 at 5. In particular, the Petitioner argues that delivery of a controlled substance is an "indivisible" statute in West Virginia that creates alternate means of committing the same offense. Id. Consequently the Petitioner asserts that he should be resentenced without the career offender enhancement. The Petitioner asserts

---

[1] The motion sought an order adjusting his sentence to award him jail credit for the period from March 3, 2010, through February 7, 2011.

that his motion is timely because the decision in Mathis was not decided within the one year after his conviction became final. Id. at 13.

## II. Analysis

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a 2255 motion. United States v. Weinstock, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoner. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A § 2255 motion is subject to a one-year statute of limitations. 20 U.S.C. 2255 (f). The beginning date for that one-year limitations period is not generic, but is dependent upon the motion's allegations. Section 2255 states, in relevant part, that the one-year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court has the power to raise the issue of timeliness in habeas proceedings *sua sponte*.[2] Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002). The one-year limitation period "begins running when direct review of the . . . conviction is completed or when the time for seeking direct review has expired . . . unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." Id. at 704.

Here, the § 2255 motion is not timely under § 2255(f)(1). The Petitioner's judgment order was entered on February 14, 2011. ECF No. 41. Because the Petitioner failed to file a direct appeal of his original sentence, his conviction became final on February 24, 2011, fourteen days after entry of his criminal judgment. See Fed.R.App.P. 4(b) (1)(A). Therefore, under § 2255(f)(1), the Petitioner had until February 29, 2012, to timely file a § 2255 motion. The Petitioner did not file his § 2255 motion until November 14, 2016, more than four years after the statute of limitations had expired.

In addition, the motion is not timely under § 2255(f)(2) because the Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255

---

[2] The Fourth Circuit has noted that in the majority of cases, "the district court should afford an opportunity for the habeas petitioner to respond [to the issue of timeliness] before the case is dismissed." Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). However, as noted above, Petitioner states that "Supreme Court's decision in Mathis v. United States was not decided at that time." Docket No. 56 at 13. Accordingly, it appears that Petitioner already recognizes that his motion has been filed out of time under § 2255(f)(1) and asks that § 2255(f)(3) be applied to render it timely. Therefore, the undersigned finds it unnecessary to raise the issue of timeliness *sua sponte* via a Hill v. Braxton notice.

motion. Nor is the motion timely under § 22555(f)(4) because the Petitioner provides no evidence of newly discovered facts that would affect his sentence.

Accordingly, although the Petitioner makes no direct reference, it is clear his only available argument lies in § 2255(f)(3), which states that the one-year time limit begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [a petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)). Therefore, in the instant matter, the timeliness inquiry is whether the Petitioner is asserting a new right that has been made retroactively applicable.

The Petitioner filed his motion within one year of the Mathis decision. However, the Petitioner cannot rely on the holding in Mathis to overcome the limitation bar in § 2255(f)(3). The Supreme Court's decision Mathis did not establish a new rule of constitutional law that has been made retroactive to cases on collateral review. See United States v. Taylor, ___ Fed. Appx. ____, 2016 WL 7093905 (10th Cir. 2016) ("Thus Mathis did not announce a new rule. And courts applying Mathis have consistently reached the same conclusion." (citing Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (concluding Mathis did not announce a new rule that would allow a second or

successive habeas petition); Dimott v. United States, No. 2:06-cr-26-GZS, 2016 WL 6068114, at *3 (Oct. 14, 2016) ("Mathis has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review. The Supreme Court made clear that it was not breaking new ground in Mathis"); Blackwell v. United States, No. 4:10-cr-00012, 2016 U.S. Dist. 2016 WL 5849384, at *13, (W.D. Va. Oct. 6, 2016) ("By the Court's own admission Mathis does not set a new rule.");[3] In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the Petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Within fourteen (14) days of being served with a copy of this Recommendation any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the

---

[3] In fact, the United States Supreme Court stated in Mathis that it was not announcing a new rule and its decision was dictated by decades of prior precedent. 136 S.Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.") see also Teague v. Lane, 489 U.S. 288, 301 (1989) ([A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to any counsel of record by electronic means. In addition, this Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

      DATED: September 29, 2017

*/s. James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE